IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., | |
| Plaintiff, | No. 22-cv-02991 |
| v. | Judge John F. Kness |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Advanced Physical Medicine of Yorkville, Ltd. brings this action against Defendants Cigna Health and Life Insurance Company and American Specialty Health Group under the Employee Retirement Income Security Act ("ERISA") to recover benefits due under the terms of a health benefits plan, 29 U.S.C. § 1332(a)(1)(B), and for statutory penalties because of Defendants' alleged failure to furnish a copy of certain plan documents, 29 U.S.C. §§ 1332(a)(1)(A) and (c)(1). (Dkt. 1, ¶ 1.)

Plaintiff provides chiropractic and other medical treatments to patients covered under a group health benefits plan administered by Defendants (the "Plan").[1]

---

[1] Cigna is the Plan's administrator, while American Specialty is the third-party claims processors utilized by Cigna to process claims under the Plan and determine how claims should be paid. (*Id.* ¶ 6–7.)

(*Id.* ¶ 2, 5.) As relevant to this case, Plaintiff provided Darin Peterson ("Patient") with chiropractic treatment covered under the Plan. (*Id.* ¶ 2.) Plaintiff, as Patient's authorized representative, submitted claims to Defendants requesting payment for Patient's chiropractic treatments. (*Id.* ¶ 12.) Defendants denied the claims because additional medical information was needed, and the treatments were deemed medically unnecessary. (*Id.* ¶ 13.) Plaintiff submitted additional medical records and subsequently filed three appeals of Defendants' claim denials. (*Id.* 14–20.) Defendants did not respond to any of the appeals nor acknowledge receipt of the additional medical records. (*Id.*)

On June 8, 2022, Plaintiff filed the present lawsuit against Defendants Cigna and American Specialty. Plaintiff alleges that it is "the assignee of benefits for health care services Plaintiff provided to Patient and Patient's designated authorized representative," which means "Patient has conveyed to Plaintiff all rights to pursue recovery of benefits due under the Plan . . . and to bring derivative actions on his behalf . . . ." (*Id.* ¶ 3.) As Patient's purported assignee of benefits, Plaintiff brings two counts against Defendants: recovery of benefits due under 29 U.S.C. § 1132(a)(1)(B) (Count I) and recovery of statutory under 29 U.S.C. § 1132(a)(1)(A) (Count II). (*Id.* ¶¶ 22–33.) Defendants separately filed motions to dismiss Counts I and II under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 8; Dkt. 23.) Defendants contend that Plaintiff does not hold a valid assignment of Patient's right to sue under the Plan. (Dkt. 8 at 2; Dkt. 24 at 2.)

As explained below, the Plan's anti-assignment clause prevents Plaintiff from holding a valid assignment of Patient's right to sue. This means that Plaintiff cannot state an ERISA claim. (Dkt. 9, at 4–5; Dkt. 24, at 6–8.) Accordingly, Defendants' motions to dismiss are granted, and the Complaint is dismissed with prejudice.

## I. STANDARD OF REVIEW

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the Plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678−79.

## II. DISCUSSION

An ERISA plan "participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan" or "to enforce his rights under the

terms of the plan."² 29 U.S.C. § 1132(a)(1)(B). Medical providers, however, may not sue under ERISA unless there is a valid assignment of rights from a plan participant or beneficiary. *See W.A. Griffin v. Seven Corners, Inc.*, 2021 WL 6102167, at *2 (7th Cir. Dec. 22, 2021) (whether a medical provider can sue is "not [an issue] of standing but of statutory coverage" under § 1132(a)(1)(B)'s text authorizing civil actions by "participant[s] or beneficiary[ies]"); *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 615 (7th Cir. 2002) ("[A] properly assigned ERISA claim makes the assignee a participant or beneficiary within the meaning of the Act."). But an assignment is only valid if "the ERISA plan permits assignment, assignability being a matter of freedom of contract." *Morlan*, 298 F.3d at 615.

Medical providers' ERISA claims are typically barred when a plan contains an anti-assignment clause. For example, when a plan "states unambiguously that its benefits and rights may not be assigned without written consent" and a medical provider fails to obtain such consent, "she is not a valid assignee." *W.A. Griffin*, 2021 WL 6102167, at *2 (granting summary judgment for plan administrator). Indeed, two other judges in this District recently dismissed identical ERISA claims made by Plaintiff against insurer-defendants (including Cigna) because of an anti-assignment clause. *See Advanced Physical Med. of Yorkville, Ltd. v. Cigna Healthcare of Ill. Inc.*,

---

² As a threshold matter, Defendants contend that the Plan at issue is a "governmental plan" that is not governed by ERISA, so Plaintiff's claims should be dismissed. (Dkt. 9, at 3; Dkt. 24, at 5–6.) Plaintiff responds that the governmental plan exemption does not apply if private employers contribute funding to the Plan and that Plaintiff should be granted leave to amend the complaint to allege that private employers participated in the Plan. (Dkt. 29, at 2.) The Court need not resolve these arguments because, even assuming the Plan is governed by ERISA, Plaintiff's claims must be dismissed because Plaintiff does not have a valid assignment of the right to sue on behalf of Patient.

2023 WL 358575 (N.D. Ill. Jan. 23, 2023) (dismissing with prejudice ERISA claims for benefits and penalties because of plan's anti-assignment clause); *Advanced Physical Med. of Yorkville, Ltd. v. Blue Cross & Blue Shield of Neb.*, 2022 WL 2064855, *2–3 (N.D. Ill. June 8, 2022) (same).

Defendants argue that the Plan explicitly prohibits assignment of the Patient's right to sue for benefits and penalties. As the Plan's "Assignment and Payment of Benefits" provision states:

> You may not assign to any party, including, but not limited to, a provider of healthcare services/items, your right to benefits under this plan, nor may you assign any administrative, statutory, or *legal rights or causes of action you may have under ERISA*, including, but not limited to, any right to make a claim for *plan benefits*, to request plan or other *documents*, to file appeals of denied claims or grievances, or to file *lawsuits under ERISA*. Any attempt to assign such rights shall be void and unenforceable under all circumstances.[3]

(Dkt. 9-1 at 52–53 (emphasis added).) The Court agrees that this anti-assignment provision unambiguously prohibits Patient from assigning to Plaintiff his right to sue under ERISA for unpaid benefits and the failure to provide Plan documents, the claims Plaintiff asserts here.

---

[3] Rule 12(d) of the Federal Rules of Civil Procedure generally requires a motion to dismiss under Rule 12(b)(6) to be treated as a motion for summary judgment under Rule 56 if documents outside the pleadings are presented to the district court. Fed. R. Civ. P. 12(d). District courts, however, have discretion to consider certain documents that are referred to in the complaint, authentic, and central to plaintiff's claims without converting the motion to dismiss to a motion for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (proper for district court to consider ERISA plan documents without converting to a motion for summary judgment). Defendants attach the Plan's governing document to their motions to dismiss. The Court elects to consider the documents at this stage because Plaintiff's complaint referred to the Plan document (Dkt. 1 ¶ 28), Plaintiff does not contest the document's authenticity, and provisions within the document are central to Plaintiff's claims.

Notwithstanding the anti-assignment provision, Plaintiff contends that it may still bring suit as Patient's authorized representative. An ERISA regulation, 29 C.F.R. § 2560.503–1(b)(4), requires that an ERISA plan's claim procedures "not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination." 29 C.F.R. § 2560.503–1(b)(4). Consistent with section 2560.503–1(b)(4), the Plan's "Appointment of Authorized Representative" provision allows "an authorized representative to assist you in submitting a claim or appealing a claim denial." (Dkt. 9-1, at 60.) Because section 2560.503–1(b)(4) and the Plan expressly allow authorized representatives to file internal claims and appeals, Plaintiff contends authorized representatives must also have authority to bring a lawsuit in federal court on behalf of patients. (Dkt. 21, at 3; Dkt. 29, at 3.) But this regulation and these Plan provisions do not allow Plaintiff to circumvent the anti-assignment clause.

To begin, ERISA strictly limits the right to bring civil actions to plan "participant[s] and beneificiar[ies]." 29 U.S.C. § 1132(a)(1)(B). An authorized representative is merely "someone authorized to vindicate another's right to benefits," and "[r]epresenting an ERISA beneficiary does not make a provider an ERISA beneficiary itself" entitled to sue. *LB Surgery Ctr., LLC v. Boeing Co.*, 2017 WL 5171222, *4 (N.D. Ill. Nov. 8, 2017) (quoting *Univ. of Wis. Hosps. & Clinics Auth. v. Costco Emp. Benefits Program*, 2015 WL 9455851, at *2 (W.D. Wis. Dec. 23, 2015)). Plaintiff, as authorized representative, can represent Patient's interests, but Plaintiff does not become a "participant or beneficiary" by doing so. *Id.* (rejecting medical

6

provider's argument that it may sue under ERISA as an authorized representative despite anti-assignment clause).

Moreover, section 2560.503–1(b)(4) and the Plan's Authorized Representative provision contemplate internal dispute resolution between authorized representatives and the insurance companies, but that fact does not, by itself, greenlight litigation in federal court. (Dkt. 14 at 2.) Section 2560.503–1(b)(4) addresses "internal claims procedures: . . . [they] allow[] a representative to act on the claimant's behalf when dealing with the insurance company, [but they] do[] not bestow upon the representative standing to file suit against the company in federal court." *Infoneuro Grp. v. Aetna Life Ins. Co.*, 2019 WL 3006549, at *9 (C.D. Cal. May 3, 2019) (quoting *AllianceMed LLC v. Aetna Life Ins. Co.*, 2017 WL 394524, at *3 (D. Ariz. Jan. 30, 2017)) (cleaned up); see *Atlantic Neurosurgical Specialists P.A. v. United Healthcare Grp., Inc.*, 2021 WL 3124313, at *9 (D.N.J. July 22, 2021) (section 25060.503–1(b)(4) "applies only to internal appeals and not lawsuits in federal courts" because the regulation "does not discuss the filing of a civil lawsuit"). If the regulation automatically conferred the right to sue upon authorized representatives, anti-assignment clauses long upheld by courts could be easily circumvented. *Infoneuro Grp.*, 2019 WL 3006549, at *9 (citing *Armijo v. ILWU-PMA Welfare Plan*, 2015 WL 136299562, at *7 (C.D. Cal. Aug. 21, 2015)).

Plaintiff also argues that a separate Plan provision, which allows patients to authorize Defendants to pay benefits directly to healthcare providers, allows such providers to sue. Plaintiff does not explain how this provision negates the

7

anti-assignment clause. In any event, this provision explicitly disclaims that it alters the anti-assignment clause's effect:

> You may not interpret or rely upon this discrete authorization or permission to pay any healthcare benefits to a Participating or Non-Participating Provider as the authority to assign any other rights under this policy to any party, including, but not limited to, a provider of healthcare services/items.

(Dkt. 9-1, at 53.)

In sum, the Plan's anti-assignment provision renders invalid any assignment to Plaintiff of Patient's right to sue. Neither section 2560.503–1(b)(4) nor the other Plan provisions highlighted by Plaintiff negate the Plan's unambiguous anti-assignment clause. Accordingly, Plaintiff cannot state a claim under ERISA. Because the anti-assignment provision renders any amendment futile, leave to amend is not warranted. *See Advent Electronics, Inc. v. Buckman,* 918 F. Supp. 260, 264 (N.D. Ill. 1996). Plaintiff's Complaint must therefore be dismissed with prejudice.[4]

---

[4] If Plaintiff has a valid assignment of Patient's right to sue, Defendants argue Counts I and II should still be dismissed. Defendants argue that Count I, which seeks payment of benefits under 29 U.S.C. § 1132(a)(1)(B), should be dismissed because Defendants are not responsible for paying benefits under the Plan and are thus improper defendants. (Dkt. 8, at 5–7; Dkt. 24, at 8–9.) Defendants further contend that Count II, which seeks statutory penalties under 29 U.S.C. § 1132(c)(1)(A), should be dismissed because Defendants are not the Plan Administrator and are thus improper defendants. Plaintiff, in turn, responds that it should be granted leave to add the City of Aurora as a proper defendant. (Dkt. 29, at 1.) Because Plaintiff does not have a valid assignment, the Court does not address these alternative arguments.

### III. CONCLUSION

Defendants' motions to dismiss (Dkt. 8, 23) are granted. Complaint dismissed with prejudice.

SO ORDERED in No. 22-cv-02991.

Date: March 24, 2023

JOHN F. KNESS
United States District Judge

9